**IN THE COURT OF APPEALS OF IOWA**

No. 16-1329
Filed November 9, 2016

**IN THE INTEREST OF K.J.,**
**Minor Child,**

**T.B., Father,**
    Appellant,

**J.J., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Charles D. Fagan, District Associate Judge.

A father and mother appeal separately from the order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Vanessa E. Strazdas of Strazdas Law, Council Bluffs, for appellant father.

Chad D. Primmer of Chad Douglas Primmer, P.C., Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Marti D. Nerenstone, Council Bluffs, for minor child.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DANILSON, Chief Judge.**

A father and mother appeal separately from the order terminating their parental rights. The father and mother each claim there is not sufficient evidence to support the statutory bases for termination.[1] The guardian ad litem supports termination of the parents' rights to the child.

Upon our de novo review, we find no reason to disturb the rulings of the juvenile court. With respect to the mother, there is clear and convincing evidence to support termination pursuant to Iowa Code section 232.116(1)(h) (allowing termination where a child three years or younger, who has been adjudicated a child in need of assistance (CINA) and has been out of parents' custody for at least the last six consecutive months, cannot be returned at present). This two-year-old child was adjudicated a CINA on October 5, 2015, and has been out of the mother's custody for more than eleven months. The child was removed after the mother was in a fight and during the altercation, the child was struck. Upon investigation by the department of human services, the child's hair was tested and the results were positive for amphetamines and methamphetamine.

The mother has been offered services but has yet to make changes that would allow the child to be placed in her custody. The mother continues to have unresolved substance abuse and mental health issues. She missed twenty-eight random drug screens and tested positive four times for illegal substances when

---

[1] The juvenile court terminated both parents' rights pursuant to Iowa Code section 232.116(1)(d), (e), (h), (i), and (*l*) (2015). As to the father only, an additional ground was found to support termination—section 232.116(1)(b) (abandonment). "When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm." *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

she did test. She is without employment and stable housing. She has not followed through with drug-testing. She has not moved beyond supervised visits. The child cannot be returned to her at present without the risk of further adjudicatory harm.

With respect to the father, we find clear and convincing evidence to support termination under section 232.116(1)(b). Termination is appropriate under this section where "[t]he court finds that there is clear and convincing evidence that the child has been abandoned or deserted."

> Abandonment is characterized as a giving up of parental rights and responsibilities accompanied by an intent to forego them. Two elements are involved in this characterization. First, the giving up of parental rights and responsibilities refers to conduct. Second, the intent element refers to the accompanying state of mind. Parental responsibilities include more than subjectively maintaining an interest in a child. The concept requires affirmative parenting to the extent it is practical and feasible in the circumstances.

*In re A.B.,* 554 N.W.2d 291, 293 (Iowa Ct. App. 1996) (citations omitted).

Clear and convincing evidence shows the father has abandoned the child within the meaning of the statutory provision. The father did nothing during the CINA proceedings. He appeared only at the temporary removal hearing. He did not engage in services and simply relied upon the mother to follow through with treatment and resume care of the child. When he was released from jail (about two weeks before the termination hearing), he made no attempt to have contact with the child. The last time the father and any interaction with the child was a supervised visit in December 2015. He has not even attempted limited contact with the child and has no bond with the child. There is clear and convincing evidence to support this statutory ground for termination.

We must still determine that termination is in the child's best interest and no statutory factor weighs against termination. Iowa Code § 232.116(2), (3); *see In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012).

We adopt the trial court's summary:

> To return the child to their parent's custody would subject them to adjudicatory harms of abuse or neglect. The same problems that precipitated the child's removal from their parent's care—untreated chemical dependency, untreated mental health problems, lack of appropriate housing and employment, minimal compliance, criminal activity, incarceration, and lack of verification or commitment—exist after over [eleven] months of services. The parents have shown that they are not prepared to care for their child. There was no evidence that giving them additional time to address their problems would be fruitful in the near future. There is no bond between this child and the parents that would warrant the court allowing for more time to reunify.

"Once the limitation period lapses, termination proceedings must be viewed with a sense of urgency." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). These parents have had more than the statutory period to work on the barriers to reunification but have shown little or no motivation to become capable caregivers. *See id.* ("Insight for the determination of the child's long-range best interests can be gleaned from 'evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing.'" (citation omitted)). This child deserves and needs permanency, and we conclude termination of parental rights and adoption will best further the child's long-term nurturing and growth. *See* Iowa Code § 232.116(2). Finally, no permissive factor weighs against termination. *See id.* § 232.116(3). We affirm the juvenile court's ruling that there is clear and

convincing evidence to terminate both the father's and mother's parental rights.

We therefore affirm on both appeals.

**AFFIRMED ON BOTH APPEALS.**